IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 12 2017
BY_____ ARTHUR JOHNSTON _____DEPUTY

INDEPENDENT HEALTH                                          PLAINTIFF
SERVICES, INC. D/B/A IHS
PHARMACY

V.                              CIVIL ACTION NO.: 3:17cv 556-DPJ-FKB

MISSISSIPPI DEPARTMENT                                      DEFENDANT
OF CORRECTIONS

## COMPLAINT
## (WITH JURY TRIAL DEMAND)

Independent Health Services, Inc., d/b/a IHS Pharmacy, files this Complaint against Mississippi Department of Corrections as follows:

### PARTIES

1. Plaintiff, Independent Health Services, Inc., d/b/a IHS Pharmacy ("IHS") is an business corporation formed and existing under the laws of the State of Alabama, domiciled in the State of Alabama and having its principal place of business at 504 McCurdy Ave. South, Suite 7, Rainsville, Alabama. IHS does business in the State of Mississippi and is duly qualified and registered to do business in the State of Mississippi.

2. Defendant, Mississippi Department of Corrections, ("MDOC") is an departmental agency of the State of Mississippi. Pursuant to Rule 4(d)(5) of the *Mississippi Rules of Civil Procedure*, as incorporated by Rule 4(j)(2)(B) of the *Federal Rules of Civil Procedure*, the Summons and a copy of this Complaint may be served upon Jim Hood, Attorney General of the State of Mississippi, at 550 High Street, Suite 1200, Jackson, Mississippi, 39201.

## STANDING

3. IHS asserts the claims set forth in this civil action (i) on its own behalf as a provider of pharmaceuticals to inmates in the custody of MDOC for which MDOC is responsible for payment, (ii) as an intended third party beneficiary of certain contracts between MDOC and Health Assurance, LLC ("HALLC") and (iii) as an assignee of certain claims of HALLC, LLC against MDOC pursuant to certain contracts between HALLC, LLC and MDOC pursuant to a Collateral Assignment of Claims executed by HALLC, LLC in favor of IHS effective as of April 15, 2016.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. There exists complete diversity of citizenship between the Plaintiff and the Defendant. The Plaintiff is an business corporation formed and existing under the laws of the State of Alabama, domiciled in the State of Alabama and having its principal place of business at 504 McCurdy Ave. South, Suite 7, Rainsville, Alabama. The Defendant is an agency of the State of Mississippi. The matter in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000.00. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 inasmuch as Defendant is a resident of this judicial district and a substantial part of the events or omissions giving rise to the claims asserted in this civil action occurred in this judicial district.

## FACTS

5. Miss Code Ann. §§ 47-5-931 et. seq. authorizes MDOC to contract with county and regional correctional facilities for the housing, care and control of inmates in the custody of the State of Mississippi. Included in the statutory scheme for such contracts is the requirement that MDOC retain responsibility for providing medical care to inmates housed in such facilities.

6. MDOC entered into Residential Services Agreements with, among others, East Mississippi Correctional Facility, (ii) Marshall County Correctional Facility, (iii) Walnut Grove Correctional Facility and (iv) Wilkinson County Correctional Facility ("Facilities"). The Residential Services Agreements provided, among other things, that MDOC or its agent will provide medical care to state inmates housed in the facilities as required by Miss. Code Ann. §47-5-945.

7. HALLC was engaged in the business of providing comprehensive health care services and products to residents and occupants of private and public facilities. MDOC entered into contracts with HALLC to provide the healthcare services required by statute to (i) East Mississippi Correctional Facility, (ii) Marshall County Correctional Facility, (iii) Walnut Grove Correctional Facility and (iv) Wilkinson County Correctional Facility ("MDOC Contracts"). A copy of the MDOC Contracts is attached as collective Exhibit "A."

8. Pursuant to the terms of the MDOC Contracts, HALLC was paid a per diem amount per inmate at each facility. Included in the obligation to provide medical care was the provision of medications. HALLC was responsible for payment from its per diem payments for the cost of medications up to a certain annual dollar amount with respect to each Facility. To the extent the medications exceeded the annual dollar limit, MDOC was responsible for payment. MDOC was also responsible for payment of costs of medication and treatment of inmates diagnosed with Human Immunodeficiency Virus ("HIV") or Acquired Immune Deficiency Syndrome ("AIDS") or Hepatitis C Virus ("HCV") as defined by the National Center for Disease Control Center (hereinafter, HIV, AIDS and HCV medications are referred to as "Excluded Medications" and all other medications are referred to as "Included Medications").

9. The annual[1] dollar limits for Included Medications for each Facility was as follows: (i) with respect to the East Mississippi Correctional Facility, MDOC was responsible for payment of Included Medications to the extent the cost of same exceeded $1,900,000.00 annually; (ii) with respect to the Walnut Grove Correctional Facility, MDOC was responsible for payment of Included Medications to the extent the cost of same exceeded $180,000.00 annually; (iii) with respect to the Marshall County Correctional Facility, MDOC was responsible for payment of Included Medications to the extent the cost of same exceeded $180,000.00 annually; and (iv) with respect to the Wilkinson County Correctional Facility, MDOC was responsible for payment of Included Medications to the extent the cost of same exceeded $240,000.00 annually (hereinafter, the cost of medications in excess of the annual amount is referred to as "Excess Medications").

10. IHS provided the Included Medications, the Excluded Medications and the Excess Medications.

11. The MDOC Contracts were terminated by MDOC in June, 2015. MDOC paid all of the per diem amounts due HALLC under the MDOC Contracts, but did not pay the amounts due for Excluded Medications and Excess Medications. At the time of the termination of the MDOC Contracts, IHS was owed almost $1,700,000.00 for medications furnished to state inmates at the Facilities.

12. IHS made inquiry of MDOC as to the status of payment. MDOC thereafter requested IHS to provide all of its records concerning the provision of medications to inmates for the purpose of conducting a procedures report by an independent third party accountant to determine the

---

[1] Each annual period coincided with the State of Mississippi's fiscal year, which begins on July 1 and ends on June 30 of each year.

4

propriety of amounts due for the years ending June 30, 2014 and June 30, 2015. IHS provided the requested documents. MDOC advised IHS that it would make payments due directly to IHS upon completion of the procedures report by the third party accountant.

13. MDOC became uncommunicative. In order to liquidate amounts owed to IHS, HALLC and IHS entered into a Settlement Agreement pursuant to which, among other things, HALLC would execute a promissory note for the amount due IHS and would secure the indebtedness with a security interest in all of HALLC's accounts, general intangibles and other personal property. HALLC also agreed to execute a collateral assignment of its claims against MDOC granting IHS the right, among other things, to pursue the claims against MDOC and to settle such claims, in the discretion of IHS. In exchange, IHS agreed to forbear collecting any amounts directly from HALLC until, among other things, HALLC filed a petition for relief under the *Bankruptcy Code*. The Settlement Agreement also provided, among other things, that IHS was not electing any remedy or waiving any rights by entering into the Settlement Agreement and that it reserved all claims of IHS directly against MDOC, it being the intent that all remedies were cumulative. A Copy of the Settlement Agreement is attached as Exhibit "B".

14. Consistent with the Settlement Agreement, HALLC executed a Promissory Note in the original principal amount of $1,688,358.39, having an effective date of April 15, 2016 and bearing interest at the rate of 4.5% per annum, a copy of which is attached as Exhibit "C." HALLC also executed a Commercial Security Agreement and a Collateral Assignment of Claims, copies of which are attached as Exhibits "D" and "E."

15. IHS perfected its security interests in the collateral described in the Commercial Security Agreement and a Collateral Assignment of Claims by filing a UCC-1 Financing Statement

with the Office of the Mississippi Secretary of State on June 8, 2016, No 20161990137A, a copy of which is attached as Exhibit "F."

16. On June 29, 2016, MDOC provided IHS a Preliminary Draft of the Independent Accountant's Report, a copy of which is attached as Exhibit"G." According to the Report, MDOC owed HALLC $895,833.74 for Excluded Medications and Excess Medications at the time of the termination of the MDOC Contracts.

17. IHS made demand upon MDOC for at least payment of the amounts owed HALLC according to the Independent Accountant's Report. MDOC alleged that it was not capable of making payment on account of a legislative prohibition against payment for goods and services rendered earlier than the beginning of the preceding fiscal year.

18. On February 15, 2017, HALLC filed a Chapter 7 Petition for Relief pursuant to Chapter 7 of the *United States Bankruptcy Code* in the United States Bankruptcy Court for the Southern District of Mississippi, Case No. 17-00535-ee. On June 6, 2017, the Bankruptcy Court entered an Agreed Order Modifying Automatic Stay, providing, among other things, for modification of the automatic stay to allow IHS to collect accounts and other collateral described in the Commercial Security Agreement.

## COUNT I – DIRECT CLAIMS FOR UNPAID MEDICAL CARE

19. IHS incorporates paragraphs 1 through 18 into Count I of the Complaint by reference.

20. MDOC is responsible for medical care for inmates in the custody of MDOC. With respect to inmates housed in county owned or leased correctional facilities, Miss Code Ann. §47-5-945 provides that the state shall retain responsibility for medical care for state offenders housed in such facilities to the extent required by law.

6

21.     IHS provided medications to inmates housed in the East Mississippi, Walnut Grove, Marshall and Wilkinson Correctional Facilities. Medications are included in the health care for which MDOC is responsible for providing to such inmates. MDOC is directly liable to IHS for medications provided to such inmates.

22.     IHS has not been paid the principal amount of $1,688,358.39 for the provision of medications to such inmates. The specific unpaid invoices are too voluminous to attach and contain the names of the inmates for whom such medications were provided, and, therefore, are not attached hereto. A summary of the amounts due are attached in lieu of each invoice is attached hereto as Exhibit "H."

23.     IHS is entitled to a judgment against MDOC in the amount of $1,688,358.39, plus pre-judgement and post-judgement interest and all costs of court.

## COUNT II – THIRD PARTY BENEFICIARY CLAIMS
## FOR EXCLUDED AND EXCESS MEDICATIONS

24.     Alternatively to Counts I and III as permitted by Rule 8(a)(3) of the *Federal Rules of Civil Procedure*, IHS claims the following relief pursuant to Count II of this Complaint and incorporates paragraphs 1 through 18 into Count II of this Complaint by reference.

25.     Each of the four MDOC Contracts between MDOC and HALLC provide that HALLC shall not be responsible for Excluded Medications and that MDOC shall be responsible for payment for Excess Medications.

26.     MDOC and HALLC contemplated that the provider of medications under the MDOC Contracts would be paid for the medications provided as a direct result of HALLC's performance under the MDOC Contracts. MDOC owes a legal obligation to IHS as the provider of

Excluded and Excess Medications. Such legal obligation connects IHS to the MDOC Contracts.

27. IHS is a third party beneficiary under the MDOC Contracts with respect to Excluded and Excess Medications. MDOC is liable to IHS for unpaid Excluded Medications in the amount of $251,171.16 and unpaid Excess Medications in the amount of $583,622.90.

28. IHS is entitled to a judgment against MDOC in the amount of $834,794.06, plus pre-judgment and post-judgment interest and all costs of court.

### COUNT III – CLAIMS AS ASSIGNEE/SECURED PARTY OF HALLC CLAIMS AGAINST MDOC

29. Alternatively to Counts I and II as permitted by Rule 8(a)(3) of the *Federal Rules of Civil Procedure*, IHS claims the following relief pursuant to Count III of this Complaint and incorporates paragraphs 1 through 18 into Count III of this Complaint by reference.

30. Pursuant to the Commercial Security Agreement and the Collateral Assignment of Claims, IHS is entitled to collect directly from MDOC all amounts owed HALLC by MDOC.

31. MDOC is indebted to HALLC in the amount of $895,833.74, plus pre-judgment and post-judgment interest at the rate of 1.5% per month from and after July 20, 2016 as provided for in Miss. Code Ann. §31-7-305, plus reasonable attorneys fees and all costs of Court.

### JURY TRIAL DEMAND

32. Plaintiff, IHS, hereby requests a Jury Trial pursuant to Rule 38 of the *Federal rules of Civil Procedure*.

WHEREFORE, PREMISES CONSIDERED, Independent Health Services, Inc., d/b/a IHS Pharmacy, requests this Honorable Court to enter judgment against Mississippi Department of Corrections as follows:

A. Pursuant to Count I, a monetary judgment in favor of IHS and against MDOC in the amount of $1,688,358.39, plus pre-judgement and post-judgement interest and all costs of court;

B. Alternatively to Counts I and III pursuant to Count II, a monetary judgment in favor of IHS and against MDOC in the amount of $834,794.00, plus pre-judgment and post-judgment interest and all costs of Court;

C. Alternatively to Counts I and II and pursuant to Count III, a monetary judgment in favor of IHS and against MDOC in the amount of $895,833.74, plus pre-judgment and post-judgment interest at the rate of 1.5% per month from and after July 20, 2016 as provided for in Miss. Code Ann. §31-7-305, plus reasonable attorneys fees and all costs of Court; and

D. IHS further prays for any other relief that may be just, given the premises.

Respectfully Submitted,

July 10, 2017

INDEPENDENT HEALTH SERVICES, INC.
D/B/A IHS PHARMACY

BY:_____
William J. Little, Jr. Its Attorney

OF COUNSEL:

William J. Little, Jr., (MSB#1287)
W. Jarrett Little (MSB# 104812)
LENTZ & LITTLE, PA
2505 14th St., Ste. 100
Gulfport, MS 39501
(228) 867-6050
bill@lentzlittle.com
jarrett@lentzlittle.com

9